**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARY J. CONEY**                                                                  **PLAINTIFF**

**vs.**                                        **Case No. 4:06-CV-01039 GTE**

**ARKANSAS STATE UNIVERSITY,
BEEBE BRANCH & BEN PICKARD,
Vice Chancellor of Student Affairs, in his
individual and official capacities**                                       **DEFENDANTS**

**<u>ORDER</u>**

Before the Court is Defendants' Motion to Dismiss, to which Plaintiff has responded. Also before the Court is Plaintiff's Motion for Leave to Amend Complaint. The Court will grant Plaintiff's request to Amend her Complaint and will consider the pending request for dismissal as applied to the Amended Complaint.

**FACTUAL BACKGROUND**

Plaintiff was employed by Arkansas State University- Beebe ("ASUB") in the public safety department. Ben Pickard is the Vice Chancellor of Student Affairs. Plaintiff purports to sue Mr. Pickard in both his official and individual capacities.

Plaintiff contends that she was discriminated against because of her sex, female, and because she was regarded as being disabled because she has multiple sclerosis, when she was passed over for the position of Public Safety Supervisor. A male was selected for the position over the Plaintiff, who had been performing the duties of the position on an acting basis from January 21, 2005 until December 16, 2005.

Plaintiff seeks injunctive relief under the Americans with Disabilities Act in the form of a

- 1 -

directive that she be promoted to the position of Public Safety Supervisor.  Alternatively, Plaintiff requests equitable front pay until said position becomes vacant.

Plaintiff seeks injunctive and monetary relief against ASUB pursuant to Title VII.

Plaintiff claims that the actions of Ben Pickard were "wanton and willful" and she therefore seeks relief in the form of compensatory and punitive damages.  Plaintiff asserts that Mr. Pickard violated her rights under the Arkansas Constitution, Articles 3 and 16 and Ark. Code Ann. § 16-123-107 and may be sued individually pursuant to Ark. Code Ann. § 16-123-1036.

Plaintiff further asserts an Equal Protection claim against Mr. Pickard pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**DISCUSSION**

The parties have briefed the issues generously.  Following a review of the entire file, the Court concludes as follows:

1. Congress abrogated Eleventh Amendment immunity when it enacted Title VII. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *see also Okruhlik v. University of Arkansas ex rel. May*, 255 F.3d 615 (8th Cir. 2001)(revisiting *Fitzpatrick* and holding that Congress validly abrogated the Eleventh Amendment for claims of disparate treatment and impact on the basis of gender and race).  Accordingly, Plaintiff may pursue her gender discrimination claims against ASUB pursuant to Title VII.

2. Plaintiff acknowledges that she may not recover monetary damages from ASUB for the alleged violation of the Americans with Disabilities Act ("ADA").  *See Gibson v. Arkansas Dept. of Correction*, 265 F.3d 718, 722 (2001).  Defendants argue that pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff may only sue **state officials** in their official capacity for the purpose of obtaining prospective injunctive relief to remedy violations of the ADA.  Thus,

Defendants contend that ASUB may not be sued under the ADA for injunctive relief either. Defendants are correct.  However, Plaintiff has cured this issue by adding Ben Pickard in his official capacity, for the apparent purpose of pursuing prospective injunctive relief for violations of the ADA.  This is appropriate and Plaintiff may pursue her official capacity claim, for injunctive relief only, against Mr. Pickard for violating the ADA.

3. Plaintiff seeks an award of compensatory and punitive damages against Ben Pickard in his individual capacity, based on the allegation that Defendant Pickard violated Plaintiff's rights under the Arkansas Constitution Articles 3 and 16 and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107 and 1036. Plaintiff also seeks an award of damages against Mr. Pickard in his individual capacity for the alleged violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  The Court construes Plaintiff's Amended Complaint as seeking money damages against Mr. Pickard pursuant to 42 U.S. § 1983 solely in his individual capacity.  This cures the issue raised by Defendants in their latest brief submitted on the immunity issues.  The Court cannot at this time conclude that Mr. Pickard is entitled to qualified immunity on the federal civil rights action against him.

Defendants raise new arguments regarding the alleged immunity of Mr. Pickard from a claim for money damages for the alleged state law claims for the first time in their supplemental briefing.  Defendants did not raise such issues in their original Motion to Dismiss, but argued only for the dismissal of the state law claims because there was no federal jurisdiction (after the dismissal of ASUB) and therefore no basis for the exercise of supplemental jurisdiction over said state law claims.  Not only have Defendants raised new issues for the first time in a reply brief, the Defendants have also failed to properly brief such issues. For both of these reasons, the Court denies Defendants' motion on such issues without prejudice to assert the issues again by a

properly supported motion and brief.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Leave to Amend (Docket No. 13) be, and it is hereby, GRANTED.  Plaintiff is directed to submit for filing her Amended Complaint forthwith.

IT IS FURTHER ORDERED THAT Defendants' Motion to Dismiss (Docket No. 3) be, and it is hereby, GRANTED IN PART and DENIED IN PART.  ASUB remains as a Defendant in this case for the sole purpose of determining its liability as an employer pursuant to Title VII.

IT IS SO ORDERED this   24th    day of October, 2006.

                                             __/s/Garnett Thomas Eisele_____
                                             UNITED STATES DISTRICT COURT